UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLARENCE DEVINE,

    Plaintiff,

vs.                        CASE NO.:

RIPA & ASSOCIATES, LLC, a Florida
Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CLARENCE DEVINE, by and through the undersigned attorney, sues the Defendant, RIPA & ASSOCIATES, LLC, a Florida Limited Liability Company, and alleges:

1. Plaintiff, CLARENCE DEVINE, was an employee of Defendant and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## General Allegations

2. Plaintiff, CLARENCE DEVINE was an employee who worked at Defendant's property within the last three years in Hillsborough County, Florida.

3. Plaintiff, CLARENCE DEVINE, worked for Defendants as an hourly paid employee at an hourly rate of $13.50 per hour.

4. Plaintiff, CLARENCE DEVINE, worked as a General Laborer for Defendant.

5. At all times material to this cause of action, Plaintiff, CLARENCE DEVINE, was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

6. Defendant, RIPA & ASSOCIATES, LLC, is a Florida Limited Liability Company that operates and conducts business in Hillsborough County, Florida and is therefore, within the jurisdiction of this Court.

7. Defendant, RIPA & ASSOCIATES, LLC, generates revenue by providing infrastructure and utility construction, roadway construction, and earthwork to its customers. See https://ripaconstruction.com/services/

8. According to Defendant's website, Defendant lists its corporate headquarters as 1409 Tech Boulevard, Suite 1, Tampa, Florida 33619. See https://ripaconstruction.com/contact/

9. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

10. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

11. During Plaintiff's employment with Defendants, Defendant, RIPA & ASSOCIATES, LLC, earned more than $500,000.00 per year in gross sales.

12. Defendant, RIPA & ASSOCIATES, LLC, employs in excess of one hundred (100) employees and pays these employees plus earned a profit from their business.

13. During Plaintiff's employment, Defendant, RIPA & ASSOCIATES, LLC, employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as a compactor, backhoe, loader (dirt collector), concrete cutter/saw, shovels, rakes, hand tools, drills, garbage bags, and other tools/materials used to run the business.

14. Therefore, at all material times relevant to this action, Defendant, RIPA & ASSOCIATES, LLC, was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

15. Additionally, Plaintiff, CLARENCE DEVINE, is individually covered under the FLSA.

## FLSA Violations

16. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

17. During his employment with Defendant, Plaintiff routinely worked ten (10) hour days Monday through Friday.

18. In addition to the above, Plaintiff was required to work every other Saturday from approximately 6:45 AM until 5:30 PM.

19. Therefore, Plaintiff worked in excess of forty (40) hours during one or more work weeks.

20. During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

21. Specifically, Defendant regularly altered/adjusted Plaintiff's clocked hours to reflect fewer hours actually worked in an effort to avoid overtime labor costs.

22. Plaintiff's foreman was responsible for recording and maintaining the number of hours worked by Plaintiff.

23. Plaintiff's foreman was responsible for altering/adjusting Plaintiff's downward.

24. Defendant maintained employee hours, including Plaintiff's hours, on an electronic tablet as well as in a notebook.

25. Plaintiff was not permitted to correct his hours despite raising the issue to

management.

26. Plaintiff is entitled to full one and one-half times his regular rate of pay for all hours worked in excess of forty (40) per week.

27. Based upon these above policies, Defendant have violated the FLSA by failing to pay complete overtime pay.

28. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

29. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-28 above as though stated fully herein.

30. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

31. During his employment with Defendant, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

32. Plaintiff's hours were altered or adjusted downward by Defendant in an effort to avoid overtime labor costs.

33. Defendant has failed to provide accurate overtime compensation for numerous pay periods.

34. Defendant did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

35. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per

work week in one or more work week, Plaintiff has suffered damages plus incurred reasonable attorneys' fees and costs.

36. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

37. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, CLARENCE DEVINE demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this _12_ day of February, 2020

_____
Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:  (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff